UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIAZAR OLEA,

    Plaintiff,

    v.

TEICHERT PIPELINES, INC.,

    Defendant.

Case No. 21-cv-03016-JST

**ORDER TO SHOW CAUSE**

Re: ECF Nos. 46, 48

Before the Court is Defendant Teichert Pipelines, Inc.'s motion for summary judgment and Plaintiff Eliazar Olea's motion for partial summary judgment. ECF Nos. 46, 48.

Olea initially filed this action in state court, alleging that Teichert's disclosure forms concerning background reports are inadequate in violation of the Fair Credit Reporting Act ("FCRA"), California's Investigative Consumer Reporting Agency Act ("ICRAA"), California's Consumer Reporting and Agencies Act ("CCRAA"), and California's Unfair Competition Law ("UCL"). ECF No. 1-2. Teichert removed the action to federal court, arguing that the Court has federal question jurisdiction over Olea's FCRA claim and may exercise supplemental jurisdiction over his state law claims. ECF No. 1.

Teichert now moves for summary judgment, arguing that Olea has not suffered an actual injury sufficient for statutory standing under ICRAA, the CCRAA, and the UCL. ECF No. 48 at 22-24. However, it is not clear whether Olea has suffered an actual injury sufficient to confer Article III standing, without which the Court lacks subject-matter jurisdiction to hear any of his

/ / /

/ / /

/ / /

claims.[1]

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "Subject matter jurisdiction is fundamental; '[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.'" *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (alteration in original) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* "A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

The Ninth Circuit has recognized that violation of Section 1681b(b)(2)(A), a "procedural rule [which] protect[s] the consumer's substantive right to control who receive[s] their credit report and identify any violation of their rights to privacy and information," may amount to "more than 'a bare procedural violation.'" *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022) (quoting *Syed*, 853 F.3d at 499). In *Syed*, the Ninth Circuit held that a plaintiff sufficiently alleged a concrete injury where he "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." 853 F.3d at 499-500. Because the plaintiff was "not aware that he was signing a waiver authorizing the credit check when he signed it," the plaintiff "was

---

[1] Because Olea's FCRA claim provides the basis for the Court's jurisdiction over the entire action, the Court raises solely the issue of whether Olea has demonstrated standing to bring such a claim. If the Court lacks subject-matter jurisdiction over Olea's federal claim, it lacks discretion to exercise supplemental jurisdiction over his state law claims. *See Prather v. AT & T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017).

2

deprived of the right to information and the right to privacy guaranteed by" the statute. *Id.* at 499. Thus, the plaintiff's alleged injury was more than a bare procedural violation.

Nothing before the Court suggests Olea was confused by the disclosure form or was otherwise deprived of the substantive rights protected by the procedural rule of Section 1681b(b)(2)(A). Deposition testimony indicates that Olea did not find the forms presented to him confusing, ECF No. 48-3 at 37; knew that he had authorized Teichert to procure a background report when he signed the release, *id.* at 35, 42, 46; and suffered no harm as a result of the background report, *id.* at 50. Absent an injury-in-fact sufficient to confer standing to bring an FCRA claim, this Court lacks subject-matter jurisdiction over Olea's federal claim and cannot exercise supplemental jurisdiction over his state law claims.

Teichert, the party who invoked federal jurisdiction, is ordered to show cause, in writing and no later than June 30, 2023, why this case should not be remanded to state court.[2] Olea shall file any response no later than July 14, 2023.

**IT IS SO ORDERED.**

Dated:  May 31, 2023



_____
JON S. TIGAR
United States District Judge

---

[2] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.") (emphasis in original).