UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR OLEA,<br><br>  Plaintiff,<br><br>  v.<br><br>TEICHERT PIPELINES, INC.,<br><br>  Defendant. | Case No. 21-cv-03016-JST<br><br>**ORDER REMANDING TO STATE COURT; DENYING MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 46, 47, 48, 56 |

On May 31, 2023, the Court issued an order to show cause why this case should not be remanded to state court for lack of Article III standing. ECF No. 55. On June 30, Teichert filed a response to the order to show cause. ECF No. 56. The Court will remand the case to state court.

I. **BACKGROUND**

Teichert provides construction and repairs for natural gas pipelines throughout California. ECF No. 48-4 ¶ 3. On March 29, 2018, Teichert interviewed Olea for a position as a laborer and offered him the job. ECF No. 48-3 at 31-32, 34; ECF No. 50-1 at 10. The following day, Olea returned to Teichert's office to review and complete employment forms, including a Consumer Disclosure and Authorization Form. *Id*. at 11-12, 34, 58, 60. The disclosure form included multiple disclosures mandated by federal and state law. *Id.* at 60. Olea reviewed the disclosure form, signed the accompanying release consenting to preparation of background reports, and checked a box indicating he wanted a copy of any consumer report ordered on him. *Id.* at 40, 43. On April 2, Olea began work with Teichert. *Id.* at 39.

On February 23, 2021, Olea filed a complaint in state court, individually and on behalf of a putative class, alleging that Teichert's disclosure forms are inadequate under the federal Fair Credit Reporting Act ("FCRA"), California's Investigative Consumer Reporting Agency Act

("ICRAA"), California's Consumer Reporting and Agencies Act ("CCRAA"), and California's Unfair Competition Law ("UCL"). ECF No. 1-2. Teichert removed the action to federal court. ECF No. 1.

In December 2022, each party moved for summary judgment. ECF Nos. 46, 47, 48. In May 2023, the Court ordered Teichert, the removing party, to show cause why this case should not remanded. ECF No. 55. On June 30, Teichert filed a response to the order to show cause. ECF No. 56.

## II. DISCUSSION

### A. Standing

Olea lacks standing to maintain his FCRA claim. "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation . . . 'with the manner and degree of evidence required at the successive stages of the litigation.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). At summary judgment, "the plaintiff can no longer rest on [] 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts'" to support standing. *Lujan*, 504 U.S. at 561.

"Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2203. To determine whether a harm is concrete, "[c]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts. *Id.* at 2204.

"A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). Olea alleges that Teichert violated 15 U.S.C.§ 1681b(b)(2)(A), an FCRA provision that requires employers to provide a standalone disclosure form and receive written authorization before procuring a consumer report on a prospective employee. In *Syed*, the Ninth Circuit explained that Section 1681b(b)(2)(A) "creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment

application process," "creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and [creates] a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." 853 F.3d at 499. Where a plaintiff "was confused by the inclusion of [other language] with the disclosure," such that he was "not aware that he was signing a waiver authorizing the credit check when he signed it," the plaintiff has alleged a sufficiently concrete deprivation of the rights to information and privacy protected by the statute. *Id.* at 499-500.

In his complaint, Olea alleges only that Teichert's violation of the standalone disclosure requirement caused him injury "included, but not limited to, having [his] privacy and statutory rights invaded in violation of the FCRA." ECF No. 1-2 at 20. But there is no evidence that Olea suffered any concrete injury as a result of Teichert's alleged violation of the standalone disclosure requirement. Unlike the plaintiff in *Syed*, Olea was not deprived of his ability to meaningfully authorize the credit check—he does not suggest that he was confused by the disclosure or unaware that he was authorizing a credit check by signing it. Olea does not indicate that he was confused by the documents he reviewed before signing the release:

> Q: Was there anything on the request, authorization, consent and release for background information form that was confusing to you?
> A: I don't recall.
> Q: Was there anything under the summary of rights under the Fair Credit Reporting Act that was confusing to you?
> A: Not from what I remember.

ECF No. 48-3 at 37. Olea also understood that signing the release authorized Teichert to procure a background report:

> Q: That morning in the conference room, did you fill out the background check forms?
> A: Yes.
> Q: So you understood at that time [on March 30, 2018] that Teichert needed you to get a background check?
> A: Yes.
> \*\*\*
> Q: And you understood, when you signed this document, that Teichert Pipelines would obtain a report to establish your eligibility for employment?
> A: Yes.

3

*Id*. at 35, 42. Olea has not suffered any other type of harm as a result of Teichert's alleged failure to comply with the standalone disclosure requirement:

> Q: And the background report didn't prevent you from getting work at Teichert Pipelines; right?
> A: That's correct.
> Q: Is there some way that you can think of that the background report harmed you?
> A: Not that I could – no.

*Id*. at 50. Olea has not suffered any injury to the rights to privacy and information protected by Section 1681b(b)(2)(A), nor has he suffered any other injury from Teichert's alleged violation of the standalone disclosure requirement. Olea therefore fails to show he has suffered a concrete injury-in-fact sufficient to confer standing at this stage of the litigation.

Because Olea does not have Article III standing to bring his FCRA claim, this Court lacks subject matter jurisdiction over that claim. Thus, the Court cannot exercise supplemental jurisdiction over Olea's state law claims under the CCRAA, ICRAA, and UCL. "A dismissal on the merits is different from a dismissal on jurisdictional grounds." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). "If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *Id.; see Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017) ("Without subject matter jurisdiction over [plaintiff's] federal claim, the district court properly concluded it had no discretion to exercise supplemental jurisdiction over [plaintiff's] state law claims.").

**B.     Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). The only basis upon which the Court could enter judgment in Teichert's favor on the remaining state law claims, rather than remand, is if remand would be "futile." *Id.* at 1197. Because "[s]tate courts are not bound by the

4

constraints of Article III," Olea may be able to vindicate his claims in state court. *Id.* at 1996.

The Court will therefore remand this action to state court.

## CONCLUSION

This action is hereby remanded to the Superior Court of Alameda County. The Court denies the pending motions for summary judgment as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 25, 2023



JON S. TIGAR
United States District Judge